UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

                v.                              No. 01-4799

BRUCE ELLIOT BROWN,
          *Defendant-Appellee.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                v.                              No. 01-4829

BRUCE ELLIOT BROWN,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

                v.                              No. 01-4998

BRUCE ELLIOT BROWN,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-00-165-HO)

Submitted: November 20, 2002

Decided: December 12, 2002

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

No. 01-4799 vacated and remanded, No. 01-4829 affirmed, and No.
01-4998 vacated by unpublished per curiam opinion.

## COUNSEL

Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Scott L. Wilkinson, Assistant United States
Attorney, Raleigh, North Carolina, for Appellant. Thomas P. McNa-
mara, Federal Public Defender, George Alan DuBois, Assistant Fed-
eral Public Defender, Jeanette Doran Brooks, Research and Writing
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

These consolidated appeals concern the jury's conviction of Bruce
Elliott Brown on eleven counts of bankruptcy fraud, *see* 18 U.S.C.
§ 152 (2000), for which Brown received a 54-month sentence. In No.
01-4799, the United States appeals the district court's grant of
Brown's motion for acquittal as to Count One. In his cross-appeal
from his conviction, No. 01-4829, Brown challenges the district
court's admission of testimony from one of his former attorneys under
the crime-fraud exception to the attorney-client privilege. In No. 01-
4998, Brown challenges the district court's civil contempt order based
on his invocation of his Fifth Amendment privilege against self-
incrimination during a bankruptcy proceeding held following his con-
viction. While we affirm Brown's conviction and sentence in No. 01-
4829, we vacate the district court's orders in No. 01-4799 and No. 01-
4998 and remand for further proceedings.

In No. 01-4799, the United States challenges the district court's
grant of Brown's motion for acquittal as to Count One, which charged

Brown and his initial attorney, Ryan Dyson, with making fraudulent statements in Brown's petition to have Dyson appointed as counsel in Brown's Chapter 11 bankruptcy proceeding. Because the jury acquitted Dyson of Count One, the district court determined that "this inconsistency in the verdict as to Count One evidences the insufficiency of the evidence presented by the Government as to this count." (JA 1066). However, although a jury's verdict may be vacated if there is insufficient evidence to support it, *United States v. Hopkins*, ___ F.3d ___, 2002 WL 31375593, at *6 (4th Cir. 2002) (No. 01-4581), that assessment "should be [made] *independent* of the jury's determination[]" that the evidence was insufficient as to another defendant. *See United States v. Powell*, 469 U.S. 57, 67 (1984) (emphasis added). Because we find there was sufficient evidence to support Brown's conviction on Count One independent of its determination as to Dyson, we vacate the court's order granting Brown's motion for acquittal as to that count and remand for further proceedings.

In No. 01-4829, Brown contests the district court's order allowing the attorney Brown retained to replace Dyson, Nelson Harris, to testify about statements Brown made related to the bankruptcy proceeding. Although Brown's statements were indeed subject to the attorney-client privilege, we will not reverse the court's determination that the crime-fraud exception to that privilege applied "absent a clear showing of abuse of discretion." *In re Grand Jury Proceedings*, 33 F.3d 342, 349 (4th Cir. 1994) (internal quotations omitted). Because the United States' proffer indicated that Brown intended to use the bankruptcy proceeding as a shield from creditors while concealing as much of his assets as possible from the bankruptcy trustee, we find the court properly determined that Brown was still actively trying to defraud his creditors when he retained Harris and that his statements to Harris bore a sufficiently close relationship to that scheme. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999). Accordingly, the district court properly admitted Harris' testimony, and we affirm.

Finally, in No. 01-4998, Brown challenges the district court's civil contempt order issued following Brown's invocation of his Fifth Amendment privilege in the continuation of his bankruptcy proceeding following his conviction. As the Government concedes, a defendant may invoke his Fifth Amendment privilege in any subsequent

proceeding related to the underlying conviction until that conviction becomes final, including any appeals. *See Mills v. United States*, 281 F.2d 736, 741 (4th Cir. 1960). Brown therefore had "just cause" to refuse to comply. *See* 28 U.S.C. § 1826(a) (2000). For that reason, we vacate the civil contempt order entered by the district court.

Accordingly, we vacate the district court's order in No. 01-4799 granting Brown's motion for acquittal as to Count One, vacate its civil contempt order in No. 01-4998, and affirm Brown's conviction in No. 01-4829. These appeals are remanded to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4799, *VACATED AND REMANDED*

No. 01-4829, *AFFIRMED*

No. 01-4998, *VACATED*